## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STARRA JENKINS,** ) | |
| 3320 E Street, SE, # 3 ) | |
| Washington, D.C.  20019 ) | |
| ) | |
| **BARBARA SPENCER,** ) | |
| 1100 Adeline Way ) | |
| Capitol Heights, MD 20743 ) | |
| ) | |
| ) | **Civil Action No. _____** |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | |
| **UNIVERSAL PROTECTION** ) | |
| **SERVICES** ) | |
| 1730 Rhode Island Avenue, NW #1215 ) | |
| Washington, D.C.  20036 ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### COMPLAINT

Plaintiffs Starra Jenkins and Barbara Spencer, through their undersigned counsel, hereby bring this Complaint against Universal Protection Services for unpaid wages, and hereby allege as follows:

### NATURE OF THE ACTION

1. This lawsuit arises out of Defendant's failure to pay Plaintiffs all earned wages and failure to compensate Plaintiffs for all time worked, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), the D.C. Minimum Wage Law, D.C. Code Ann. § 32-1001 *et seq.* ("DCMWL"), and the D.C. Payment and Collection of Wages Law ("DCPCWL"), D.C. Code Ann. § 32-1301 *et seq.*

1

2. Defendant, Universal Protection Services, operates a company that provides security guard services.

3. On or around July 2015 Defendant purchased Guardsmark, another security guard company.

4. Defendant's Washington, D.C. office is located at 1730 Rhode Island Avenue, N.W., Suite 1215, Washington, D.C. 20036.

5. Defendant's corporate headquarters are located at 1551 N. Tustin Avenue, Suite 650, Santa Ana, CA 92705

6. Defendant is a sub-division of Universal Services of America, whose corporate headquarters are located at 1551 N. Tustin Avenue, Suite 650, Santa Ana, CA 92705.

7. Defendants issued paychecks to Plaintiffs for work performed at Providence Hospital, located at 1150 Varnum St NE, Washington, D.C. 20017.

8. Defendant required Plaintiffs to work through their 30 minute lunch break without compensating Plaintiffs for this time worked, in violation of the requirement that Defendant pay employees for all time worked.

**JURISDICTION AND VENUE**

9. This Court has subject-matter jurisdiction over Count I of this complaint pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 because this action arises under the laws of the United States.

10. This Court has supplemental jurisdiction over Count II, which arises under the laws of the District of Columbia, pursuant to 28 U.S.C. §1367(a), because the claims in Count II arise from a common set of operative facts with Count I. The claims in Count II are so

related to the claims in the action within the original jurisdiction of this Court that they

form part of the same case or controversy.

11. This Court has supplemental jurisdiction over Count III, which arises under the laws of

the District of Columbia, pursuant to 28 U.S.C. §1367(a), because the claims in Count III

arise from a common set of operative facts with Count I. The claims in Count III are so

related to the claims in the action within the original jurisdiction of this Court that they

form part of the same case or controversy.

12. Venue is proper in the United States District Court for the District of Columbia pursuant

to 28 U.S.C. §1391(b) because a substantial part of Defendant's actions and omissions

giving rise to the claims in this Complaint occurred in the District of Columbia.

13. Defendant frequently does business in the District and is subject to personal jurisdiction

in the District.

## PLAINTIFFS

14. Plaintiff Starra Jenkins is an adult resident of the District of Columbia.

15. Ms. Jenkins worked for the Defendant as a security guard, performing work for

Defendant at Providence Hospital, located at 1150 Varnum St NE, Washington, D.C.

20017.

16. Guardsmark hired Ms. Jenkins on or around January of 2010.

17. Ms. Jenkins began performing work for Defendant at Providence Hospital on or around

September 2013.

18. Defendant continued to employ Ms. Jenkins after Defendant acquired Guardsmark on or

around July of 2015.

19. Ms. Jenkins worked for Defendant at Providence Hospital until she was terminated in September 2015.

20. Ms. Jenkins was Defendant's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e), and as that term is interpreted pursuant to D.C. Code Ann. § 32-1002(2) and D.C. Code Ann. § 32-1301(2).

21. Defendant was Ms. Jenkins's "employer" as that term is defined and/or interpreted by the FLSA, 29 U.S.C. § 203(d).

22. Defendant was Ms. Jenkins's "employer" as that term is defined and/or interpreted by D.C. Code Ann. § 32-1002(3) and D.C. Code Ann. § 32-1301(1).

23. Plaintiff Barbara Spencer is an adult resident of the District of Columbia.

24. Ms. Spencer worked for the Defendant as a security guard, performing work for Defendant at Providence Hospital, located at 1150 Varnum St NE, Washington, D.C. 20017.

25. Guardsmark hired Ms. Spencer on or around June or July of 2014.

26. Defendant continued to employ Ms. Spencer after Defendant acquired Guardsmark on or around July of 2015.

27. Ms. Spencer began working for Defendant at Providence Hospital and remained there until she was removed from the schedule in December 2015.

28. Ms. Spencer was Defendant's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e), and as that term is interpreted pursuant to D.C. Code Ann. § 32-1002(2) and D.C. Code Ann. § 32-1301(2).

29. Defendant was Ms. Spencer's "employer" as that term is defined and/or interpreted by the FLSA, 29 U.S.C. § 203(d).

30. Defendant was Ms. Spencer's "employer" as that term is defined and/or interpreted by D.C. Code Ann. § 32-1002(3) and D.C. Code Ann. § 32-1301(1).

## DEFENDANT

31. Defendant, Universal Protection Services, is a corporation with headquarters in California, and a regional office in Washington D.C., which does business in this judicial district.

32. On or around July 2015 Defendant Universal Protection Services acquired Guardsmark.

33. At all times relevant, Defendant had and exercised both actual and apparent authority to hire and fire Plaintiffs, direct and supervise Plaintiffs' work, and bind and set wage and hour policies applicable to Plaintiffs.

34. Defendant Universal Protection Services is an "employer" as that term is defined and/or interpreted by Section 203(d) of the FLSA.

35. Defendant Universal Protection Services is an "employer" as that term is defined and/or interpreted by D.C. Code Ann. § 32-1002(3) and D.C. Code Ann. § 32-1301(1).

## STATEMENT OF FACTS

36. Defendant provides security guard services to companies and organizations.

37. Defendant provided security services to Providence Hospital, located at located at 1150 Varnum St NE, Washington, D.C. 20017, between September 2013 and December 2015.

38. Plaintiffs were responsible for securing the hospital facilities, observing and reporting incidents in the hospital, and addressing any security threats that arise.

39. Plaintiffs were assigned to different posts throughout the hospital facility and campus, including waiting rooms, and building entrances.

**Plaintiff Barbara Spencer**

40. Ms. Spencer received her orders and training from her supervisors, Sergeant Tony

    Atkinson, Sergeant Charmaine Johnson, and Lieutenant Thomas.

41. Ms. Spencer's usual tour of duty was from 7:00 a.m. until 3:30 p.m. from Sunday through

    Thursday.

42. Ms. Spencer also frequently worked on Fridays.

43. Lieutenant Thomas, who set the schedule, often called Ms. Spencer on Thursday to ask

    her to work overtime on Friday.

44. Ms. Spencer was usually assigned to work at Post 8, where she directed traffic dropping

    off and picking up individuals from the hospital.

45. Ms. Spencer was scheduled to take a lunch break from 11:30 a.m. to 12:00 p.m. each day.

46. Ms. Spencer's regular rate of pay was $14.28 per hour. She never received any raises

    during her time working for Defendants.

**Plaintiff Starra Jenkins**

47. Plaintiff Starra Jenkins received her orders and training from her supervisors, Sergeant

    Tony Atkinson and Sergeant Charmaine Johnson.

48. Ms. Jenkins usual tour of duty was from 7:00 a.m. until 3:30 p.m. from Sunday through

    Thursday.

49. Ms. Jenkins was trained to work at all of the hospital's posts, so she was often moved

    between posts.

50. Ms. Jenkins was usually stationed at Post 6 or Post 7.

51. Ms. Jenkins was scheduled to take a lunch break from 11:30 a.m. to12:00 p.m. each day

    while working at Post 6.

52. Ms. Jenkins was scheduled to take a lunch break from 11:00 a.m. to 11:30 a.m. each day while working at Post 7.

53. Ms. Jenkins's regular rate of pay was approximately $14.28 per hour. Ms. Jenkins received a raise of approximately $0.25 per hour every year that she worked for Defendant. Defendant gave Ms. Jenkins a raise in approximately October of each year.

**Plaintiffs Were Not Compensated for Working Through Meal Breaks**

54. Defendant required Plaintiffs to work through their 30 minute meal breaks.

55. Defendant required Plaintiffs to keep their two-way radios turned on and with them at all times, including during Plaintiffs' lunch breaks, so that they could respond to calls for assistance.

56. Defendant required Plaintiffs to respond to requests for security services during their meal breaks.

57. Defendant did not allow Plaintiffs to leave the premises during their lunch breaks so that Plaintiffs would be available to respond to any requests for security services.

58. Defendant trained Plaintiffs on the hospital's calling codes for emergency and high priority calls.

59. The hospital used the code "Mr. Strong" to describe when a patient was acting erratic or unstable.

60. Whenever a "Mr. Strong" call went out, Defendant required all guards, including Plaintiffs, to respond to the scene, and assist in restraining the patient, including when Plaintiffs were on their lunch break.

61. The hospital issued frequent "Mr. Strong" calls due to the many patients with dementia and mental health issues.

62. Defendants required Plaintiffs to handle "elopement" situations, when a patient left the hospital without signing out.

63. During elopement situations, Defendants required Plaintiffs to drop everything Plaintiffs were doing and deal with the patient who left without signing out.

64. Defendants required Plaintiffs to watch over suicidal patients as needed.

65. When Plaintiffs were assigned to watch over a suicidal patient, Defendant required Plaintiffs to work through their lunch break to observe the suicidal patient.

66. Plaintiffs had to respond to calls while on their lunch break approximately two to four times a week.

67. Many days Plaintiffs worked through the entirety of the lunch break.

68. Even when Defendant did not call Plaintiffs while on their lunch break, Plaintiffs had to be on stand-by ready to respond to any calls or emergency situations.

69. Defendants automatically deducted 30 minutes every work day for Plaintiffs' meal time.

### COUNT I: VIOLATION OF THE
### FAIR LABOR STANDARDS ACT

70. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

71. Plaintiffs worked for Defendants as security guards and performed "non-exempt" duties under the FLSA.

72. During their employment with Defendants, Plaintiffs regularly worked through their lunch breaks.

73. Plaintiffs were not exempt from being paid the federal minimum wage, or overtime wages at a rate of one-and-one-half times their regular rate of pay, for hours worked over forty (40) in a workweek.

8

74. In violation of the FLSA, Defendants did not pay Plaintiffs statutorily mandated minimum wage and/or overtime wages for all hours worked.

75. The wages Defendants withheld from Plaintiffs were not withheld as the result of a bona fide dispute.

**COUNT II: VIOLATION OF THE DISTRICT
OF COLUMBIA MINIMUM WAGE LAW**

76. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

77. Plaintiffs were not exempt from being paid the District of Columbia minimum wage, or overtime wages at a rate of one-and-one-half times their regular rate of pay, for hours worked over forty (40) in a workweek.

78. In violation of the DCMWL, Defendants did not pay Plaintiffs the statutorily mandated minimum wage and overtime wages for their work.

79. The wages Defendants withheld from Plaintiffs were not withheld as the result of a bona fide dispute.

**COUNT III: VIOLATION OF THE DISTRICT OF COLUMBIA
PAYMENT AND COLLECTION OF WAGES LAW**

80. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

81. Plaintiffs are "employees" within the meaning of the DCWPCL, D.C. CODE § 32-1301(2).

82. Defendants are "employers" within the meaning of the DCWPCL, D.C. CODE §32-1301(1).

83. The DCWPCL requires that employers pay their employees all wages earned at least twice during each month.  D.C. CODE § 32-1302.

84. Defendants violated the DCWPCL by failing to pay Plaintiffs their entire minimum and overtime wages, as required by D.C. Code § 32-1302.

85. Defendant is liable to Plaintiffs under the DCWPCL for their unpaid minimum and overtime wages, plus three times that amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court. *See* D.C. CODE §§ 32-1302, 32-1303(4), and 32-1308.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Starra Jenkins are Barbara Spencer demand judgment against the Defendants for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of their damages, and the costs of this action, and further requests that the Court enter judgment and:

A.  Award Plaintiffs minimum wages and overtime wages, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. §§ 207 and 216;

B.  Award to Plaintiffs their costs and attorneys' fees incurred in this action, as provided for by 29 U.S.C. § 216(b);

C.  Award Plaintiffs their unpaid minimum wages and overtime wages, plus an equal amount in liquidated damages, as well as court costs and reasonable attorney's fees and expenses pursuant to D.C. Code Ann. § 32-1012.

D.  Award Plaintiffs their unpaid minimum wages and overtime, liquidated damages equal to treble the amount of unpaid wages, as well as court costs, and reasonable attorney's fees and expenses pursuant to D.C. Code Ann. §§ 32-1302, 32-1303(4), and 32-1308.

E.  Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

Daniel A. Katz, Bar No. 447412

Michal Shinnar, Bar No. MD0033
The Law Offices of
Gary M. Gilbert & Associates
1100 Wayne Ave., Suite 900
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
dkatz-efile@ggilbertlaw.com
mshinnar-efile@ggilbertlaw.com